OPINION
Plaintiff-appellant, Robert Parks, appeals from the judgment of the Court of Common Pleas of Allen County which granted summary judgment in favor of defendant-appellee, Kimberly Parks, n.k.a. Kimberly Butterfield.
On July 29, 1997, Robert filed this fraudulent misrepresentation action against Kimberly and Lima Memorial Hospital. These defendants each filed a Civ.R. 12(B)(6) motion to dismiss. The trial court granted their motions and Robert appealed. This court affirmed in part, reversed in part, and remanded Robert's claim for fraudulent misrepresentation against Kimberly. Parks v. Parks (Mar. 5, 1998), Allen App. No. 1-97-60, unreported. On remand, the parties filed motions for summary judgment and submitted evidentiary materials. On December 10, 1998, the trial court denied Kimberly's motion for summary judgment. Thereafter, however, the trial court granted Kimberly's motions for substitution of counsel and an extension of time to supplement her materials. The trial court also granted Kimberly's motion to reopen and/or reconsider the denial of her motion for summary judgment and further vacated its previous decision. After receiving the parties' evidentiary materials, the trial court granted Kimberly's motion for summary judgment on February 4, 1999 and dismissed the complaint.
Robert has filed a pro se appeal, raising the following two assignments of error:
 The trial court erred in refusing to address the summary judgment motion filed by Robert Lee Parks.
 The trial court erred in giving credence to the appellee's supplemental affidavit which had been legally and factually disputed by the appellant and therefore consolidated that error in granting the appellee's motion for summary judgment.
In his first assignment of error, Robert argues that the trial court erred in failing to address his summary judgment motion. Civ.R. 56(C) requires in pertinent part as follows:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
On the basis of the "pleadings, answers, affidavits and applicable law," the trial court granted Kimberly's motion for summary judgment. By granting the motion and dismissing Robert's complaint, the trial court implicitly overruled Robert's summary judgment motion. See State ex rel. Wright v. Ohio Adult ParoleAuthority (1996), 75 Ohio St.3d 82, 86-87; President of OhioUniversity v. Smith (Feb. 1, 1999), Washington App. No. 98CA11, unreported. Thus, we will proceed to address Robert's second assignment of error in which he asserts that the trial court erred in granting summary judgment in favor of Kimberly.
As explained in Dresher v. Burt (1996), 75 Ohio St.3d 280,293:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis omitted.)
The elements of fraudulent misrepresentation are: 1) a representation or, where there is a duty to disclose, concealment of a fact; 2) which is material to the transaction at hand; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent of misleading another into relying upon it; 5) justifiable reliance upon the representation or concealment; and 6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
In the instant case, the crux of Robert's claim is that Kimberly fraudulently misrepresented herself to be his wife, causing Robert to issue a worthless check on her behalf. However, even assuming arguendo that there is a genuine issue of material fact as to Kimberly's representation of the marriage relationship when the check was written, Robert still fails on the second element of fraudulent misrepresentation. This sort of representation is not material to his issuance of a worthless check (the transaction at hand). Hence, the trial court's conclusion that the misrepresentation alleged is not the proximate cause of any injury he claims.
Furthermore, contrary to Robert's argument, the trial court's grant of summary judgment was proper despite the existence of a factual dispute between the parties. In support of her motion for summary judgment, Kimberly submitted Robert's answers to interrogatories. His answers admitted the following: (1) that Robert wrote a worthless check from a non-existent account of his parents (Robert was convicted of uttering a worthless check); and (2) that Robert wrote the check out to himself. According to Kimberly's supplemental affidavit, she did not know about the account or tell him to write the check upon said account. In response to her affidavit, Robert's affidavit states that Kimberly gave him the check. This evidence would dispute only whether Kimberly knew of the checking account. Robert has presented no specific facts to either dispute whether Kimberly told him to write the check upon the account or show that Kimberly made any misrepresentations to Robert regarding the legality of the check or the funds available in the account at the time the check was written. Absent evidence of a misrepresentation, Robert lacked proof on the essential elements of the claim for fraudulent misrepresentation. Burr, supra.
Accordingly, the trial court properly granted summary judgment in favor of Kimberly and it did not commit reversible error by implicitly overruling Robert's motion for summary judgment. We therefore overrule both of Robert's assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., SHAW and WALTERS, JJ., concur.